THE BOARD OF TRUSTEES OF )
CARPENTERS FRINGE BENEFIT )
FUNDS OF ILLINOIS by )
DAVID BRATEK, )
Administrative Manager, ) No. 18-CV-1015
    Plaintiff, )
 )
Vs. )
 )
SOUTHSIDE CONCRETE, INC., )
    Defendant. )

## COMPLAINT

NOW COMES the Plaintiffs, The Board of Trustees of Carpenters Fringe Benefit Funds of Illinois by David Bratek, Administrative Manager, by and through their attorneys, McCarthy, Callas & Feeney, P.C., complaining of the Defendant, Southside Concrete, Inc., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act (29 USC §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Carpenters Pension Fund of Illinois (the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Carpenters (the "Union"), and therefore, are multiemployer plans. (29 USC §1002). The Trust Funds are administered at 28 N. First Street, Geneva, IL, and venue is proper in the Northern District Court of Iowa.

3. Defendant, Southside Concrete, Inc., is an Iowa corporation with its principal place of business located at 12679 Foust Road, Zwingle, IA, 52079.

4. Southside Concrete, Inc. was found to be an alter ego of Custom Concrete

Designs, Inc., by Order of the District Court for the Northern District of Iowa, in case number C13-1016. A copy of the Court's Ruling is attached hereto as Exhibit A. The alter ego finding was based on a Memorandum of Agreement entered into between Custom Concrete Designs, Inc., and the Union. A copy of this Memorandum of Agreement is attached hereto as Exhibit B.

5. The Memorandum of Agreement obligated Custom Concrete Designs, Inc., and its alter ego, Southside Concrete, Inc., to the terms of a Collective Bargaining Agreement and it successor agreements. A copy of the applicable bargaining agreements are attached hereto as Exhibit C.

6. The Judgment above covered obligations owed to Plaintiff by Custom Concrete Designs, Inc., and therefore Southside Concrete, Inc., through September of 2010.

7. Southside Concrete, Inc., like Custom Concrete Designs, Inc. before it, was an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement that required Southside Concrete, Inc. to pay monthly fringe benefit contributions to the Trust Funds.

8. The Collective Bargaining Agreement also binds Custom Concrete Designs, Inc., and therefore, its alter ego Southside Concrete, Inc., to the provisions of the Agreement and Declarations of Trust which created the Trust Funds (the "Trust Agreements).

9. Pursuant to the provisions of the Collective Bargaining Agreement, Southside Concrete, Inc., as alter ego to Custom Concrete Designs, Inc., was required to make contributions to the Trust Funds for each hour worked by its construction employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements. In addition, Custom Concrete Designs, Inc. was required to make

contributions to the Trust Funds measured by the hours worked by construction subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

10. From September, 2010, to the present, Southside Concrete, Inc. breached the provisions of the Collective Bargaining Agreement by underpaying contributions that were owed to the Trust Funds based upon the hours worked by employees and/or measured by the hours worked by subcontractors.

11. The exact number of hours and contributions due cannot yet be determined as Southside Concrete, Inc. has failed to allow an audit of its records, as required by the Trust Agreements.

12. Plaintiffs complied with all conditions precedent in bringing this suit.

13. Trust Funds engaged the undersigned attorneys to collect the monies due and owing from Southside Concrete, Inc.

14. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreement, Southside Concrete, Inc. is required to pay liquidated damages, auditor fees, attorney fees and court costs incurred by the Trust Funds in the collection process.

15. Southside Concrete is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 USC §1132 (g)(2)(D).

16. Pursuant to 29 USC §1132 (g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:
    a. double interest; or
    b. interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Court finds that Southside Concrete, Inc. be held liable for the above violations.

B. That the Defendant cooperate with an audit to determine the amount of delinquent contributions due and payable to Plaintiffs.

C. That the Defendant Southside Concrete, Inc. be required to pay fringe benefit contributions to the Trust Funds as determined by the audit.

D. That Southside Concrete, Inc. be ordered to pay interest on the amount that is due pursuant to 29 USC §1132(g)(2)(B).

E. That Southside Concrete be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 USC 0132(g)(2)(c).

F. That Southside Concrete be ordered to pay the reasonable attorneys fees and costs incurred by the Plaintiffs. (29 USC §1132).

BOARD OF TRUSTEES OF CARPENTERS
FRINGE BENEFIT FUNDS OF ILLINOIS by
David Bratek, Administrative Manager.

By: /s/ Timothy M. Feeney
Timothy M. Feeney, AT0002527
Attorney for Plaintiff
McCarthy, Callas & Feeney, P.C.
329 – 18th Street
Rock Island, IL 61201
(309) 788-2800
tfeeney@mcfe-law.com